IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

NOV 13 2014

JAMES N. ___TEN, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| FREDERICK RAHN, § | |
| Plaintiff, § | |
| § | CIVIL ACTION #: |
| v. § | 1:14-CV-3660 |
| SAMUEL S. OLENS, § | |
| GEORGIA ATTORNEY GENERAL; § | |
| BRIAN OWENS, § | |
| COMMISSIONER OF THE GEORGIA § | |
| DEPARTMENT OF CORRECTIONS; § | |
| FRANK W. BERRY, § | |
| COMMISSIONER OF THE GEORGIA § | |
| DEPARTMENT OF BEHAVIORAL § | |
| HEALTH AND DEVELOPMENTAL § | |
| DISABILITIES; § | |
| KATHERINE E. STRAYHORN, § | |
| CHAIRMAN OF THE GEORGIA SEX § | |
| OFFENDER REGISTRATION REVIEW § | |
| BOARD; and § | |
| CHAD PURVIS, § | |
| CHIEF DIRECTOR OF GWINNETT § | |
| COUNTY, GEORGIA, PROBATION § | |
| SERVICES; § | |
| Defendants. § | |

## COMPLAINT FOR DECLARATORY AND INJUCTIVE RELIEF

**COMES NOW,** FREDERICK RAHN, Plaintiff herein, by and through the undersigned counsel, and files this Complaint for Declaratory and Injunctive Relief, pursuant to 42 U.S.C. § 1983, to address the unconstitutionality of Georgia's statute for risk assessment classification, hearing, and electronic monitoring system for sex offenders, Official Code of Georgia ("O.C.G.A.") § 42-1-14, both facially and as applied to Plaintiff, and requests that this Court

declare O.C.G.A. § 42-1-14 to be in violation of the Constitution of the United States and the Georgia Constitution and enjoin the Defendants from enforcing the statute.

## I. NATURE OF THE ACTION

1. As alleged with greater particularity below, Plaintiff alleges that O.C.G.A. § 42-1-14, a Georgia State statute which mandates lifetime electronic monitoring of persons classified or designated as "sexually dangerous predators" by the Georgia Sex Offender Registration and Review Board, and sets forth procedures for notice and review of such classifications or designations, facially and/or as applied by the Defendants, violates the *Ex Post Facto* Clauses of Article I, Section 9 of the United States Constitution and Article I, Section 9 of the Constitution of Georgia; the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 1, Paragraph I of the Constitution of Georgia; the proscriptions against infliction of cruel and unusual punishment under the Eighth Amendment of the United States Constitution and Article I, Section 1, Paragraph XVII of the Constitution of Georgia; the Double Jeopardy Clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 1, Paragraph XVIII of the Constitution of Georgia; and the Contracts Clauses of Article I, Section 10 of the United States Constitution and Article III, Section IV, Paragraph IV, Subsection (e) the Constitution of Georgia. Plaintiff seeks declaratory relief and an injunction against the Defendants from enforcing O.C.G.A. § 42-1-14.

## II. PARTIES AND JURISDICTION

2. Plaintiff Frederick Rahn is a resident of Gwinnett County Georgia.

3. Defendant Samuel S. Olens is Attorney General for the State of Georgia. Defendant Olens is sued in his official capacity.

4.      Defendant Brian Owens is Commissioner of the Georgia Department of Corrections. Defendant Owens is sued in his individual capacity.

5.      Defendant Frank W. Berry, is Commissioner of the Georgia Department of Behavioral Health and Developmental Disabilities. Defendant Berry is sued in his official capacity.

6.      Defendant Katherine E. Strayhorn is Chairman of the Georgia Sex Offender Registration Review Board. Defendant Strayhorn is sued in her official capacity.

7.      Defendant Chad Purvis is the Cheif of Chatham Gwinnett, Georgia, Probation Services. Defendant Purvis is sued in his official capacity.

8.      This Court possesses original subject matter jurisdiction over the federal Constitutional violations alleged in this Complaint pursuant to the provisions of 42 U.S.C. § 1983, 28 U.S.C. § 1331, and 28 U.S.C. § 1343; and supplemental jurisdiction over Plaintiff's state law claims. This Court possesses jurisdiction to issue injunctive and declaratory relief pursuant to 28 U.S.C. § 2201 and 42 U.S.C. § 1983.

9.      Venue is proper in the Northern District of Georgia, pursuant to 28 U.S.C. § 1391. Defendant Olens, Defendant Owens, and Defendant Strayhorn are all residents of, and work in, the Northern District of Georgia.

### III. STANDING

10.     Plaintiff Frederick Rahn possesses standing to bring this action for the reasons that Plaintiff is directly affected by O.C.G.A. § 42-1-14 and its unconstitutional enforcement, and the unconstitutional enforcement of O.C.G.A. § 42-1-14 has resulted in a violation of Plaintiff's rights under the United States and Georgia Constitutions. The requirements for Article III standing are met in this case.

## IV. GENERAL ALLEGATIONS

### A. Legal Background

11. The State of Georgia's laws relating to registration and other restrictions on sexual offenders (hereinafter, collectively, "sexual offender laws") are contained at O.C.G.A. §§ 42-1-12 *et seq*.

12. Current O.C.G.A. § 42-1-14, entitled "Risk assessment classification; hearings; electronic monitoring system," states that: (a)(1) The [Georgia Sex Offender Registration Review Board] shall determine the likelihood that a sexual offender will engage in another crime against a victim who is a minor or a dangerous sexual offense...

> (2) A sexual offender shall be placed into Level I risk assessment calculation, Level II risk assessment calculation, or sexually dangerous predator classification based upon the board's assessment criteria and information obtained and reviewed by the board. The sexual offender *may provide the board with information* including, but not limited to, psychological evaluations, sexual history polygraph information, treatment history, personal, social, educational, and work history, and may agree to submit to a psychosexual evaluation or sexual polygraph conducted by the board.

13. O.C.G.A. § 42-1-14(a) (2006) (emphasis added); *accord* O.C.G.A. § 42-1-14(a) (2010).

14. O.C.G.A. § 42-1-14 (a)(1) allows for the Registry Board to give a designation for an individual who was "incarcerated on July 1, 2006, but convicted prior to July 1, 2006, ..." However, O.C.G.A. § 42-1-14 goes on further to require under (a) (2), that "[t]he board shall render is recommendation for risk assessment classification within:

> (A) Sixty days of receipt of a request for an evaluation if the sexual offender is being sentenced to subsection 17-10-6.2;

> (B) Six months prior to the sexual offender's proposed release from confinement if the offender is incarcerated;

> (C) Sixty days from receipt of the required registration information from the sheriff when the sexual offender changes residence from another state or territory of the United States or any other place to this state and is not already classified;

(D) Sixty days if the sexual offender is sentenced to a probated or suspended sentence; and

(E) Ninety days if such classification is requested by the court pursuant to a petition filed under Code Section 42-1-19."

15. In practice, the Georgia Sex Offender Registration Review Board (hereinafter "Board") does not provide persons with prior notice that they are to be classified or designated as sexual offenders or "sexually dangerous predators."

16. The prior version of Section 42-1-14 stated that a sexual offender could request that a sentencing court "conduct a hearing affording the sexual offender the opportunity to present testimony or evidence relevant to the recommended classification." O.C.G.A. § 42-2-14(b)(2) (2006).

17. Section 42-1-14 provides that a sexual offender may file a petition for judicial review of the Board's classification or designation in the appropriate superior court, with the findings of the Board constituting "*prima-facie* evidence of the classification." O.C.G.A. § 42-2-14(c) (2010). The superior court may, but is not required to, hold a hearing. *Id.*

18. Based upon the foregoing facts, pursuant to Section 42-1-14, the Board's practice is to classify or designate a person as a sexually dangerous predator, and then provide notice to the person of the classification or designation and permit the person to present evidence to persuade the Board to change its classification or designation. If the Board does not change the person's classification or designation, the person is attached with a non-removable, electronic monitoring system and may appeal to the appropriate superior court. The superior court must hold the findings and classification or designation of the person as a sexually dangerous predator by the Board as *prima facie* evidence that the classification or designation was appropriate. A person is provided with no notice or opportunity to be heard before the Board makes the classification or

designation. A person is also subjected to the punishment of a non-removable, electronic monitoring system before judicial review has concluded.

19. Section 42-1-14 also states that the Board shall determine the likelihood that a sexual offender will engage in another crime against a minor or a dangerous sexual offense "for any sexual offender convicted on or after July 1, 2006, of a criminal offense against a victim who is a minor or a dangerous sexual offense *and for any sexual offender incarcerated on July 1, 2006, but convicted prior to July 1, 2006*, of a criminal offense against a victim who is a minor." O.C.G.A. § 42-1-7 14(a) (2006) (emphasis added). Prior to July 1, 2006, Georgia possessed no requirement for lifetime electronic monitoring of any sexual offenders.

### B. Factual Allegations Relating to Plaintiff

20. In 2005, Plaintiff pleaded guilty in the Superior Court of Cobb County, State of Georgia (hereinafter "Superior Court"), to six counts of child molestation and one count of public indecency for an incident where he exposed himself to six teenage girls and one adult woman, aged 14-40. Plaintiff was released from custody in October of 2008.

21. Plaintiff is currently registered as a sex offender in Georgia, pursuant to O.C.G.A. § 42-1-12. Plaintiff is on State probation.

22. On or about November 13, 2012, the Board classified or designated Plaintiff as a "sexually dangerous predator," pursuant to Section 42-1-14. Plaintiff received no prior notice of the classification or designation. This designation or classification came four years outside of the requirements of Section 42-1-14.

23. In October of 2009, Plaintiff filed an action in the Superior Court for reclassification or re-designation by the Board, alleging that Plaintiff had been erroneously classified or designated

as a sexually dangerous predator by the Board, and that the classification or designation and requirement of an electronic monitoring system violated Plaintiff's constitutional rights.

24. In November 2012, an officer with Gwinnett County Probation Services placed a non-removable, electronic monitoring system, in the form of an ankle monitor, on Plaintiff's person.

25. On or about March 20, 2014, the Superior Court of Fulton County denied Plaintiff's claims that the designation or classification was untimely. Plaintiff filed an application to appeal with the Georgia Court of Appeals, which was denied. Plaintiff has asked the Board to re-classify or re-designate him, which request has been denied.

26. Plaintiff was provided with no notice or opportunity to be heard before the Board classified or designated him as a sexually dangerous predator. Further, the Board's designation was untimely under the statute.

27. Plaintiff was also subjected to the punishment of having a non-removable electronic monitoring system placed on his person before judicial review had concluded.

28. At the time of Plaintiff's offense in 2004, Georgia possessed no requirement for lifetime electronic monitoring of any sexual offenders.

29. Pursuant to O.C.G.A. § 42-1-14(e), Plaintiff is required to wear the electronic monitoring system for the rest of his life. Plaintiff is also required to pay the costs of the electronic monitoring system to the State. *Id*.

30. Plaintiff has had the electronic monitoring system attached to his person for two years and continues to have the electronic monitoring system attached to his person.

31. Plaintiff possesses a liberty interest in not being subject to lifetime electronic monitoring pursuant to Section 42-1-14.

### C. Factual Allegations Relating to Defendants

32. Defendant Katherine E. Strayhorn is the current Chairman of the Board. The Board is attached to the Georgia Department of Behavioral Health and Developmental Disabilities for administrative purposes. O.C.G.A. § 42-1-13(b). Defendant Frank W. Berry is the current Commissioner for the Georgia Department of Behavioral Health and Developmental Disabilities.

33. Plaintiff must pay the Georgia Department of Corrections for the costs of the electronic monitoring system. O.C.G.A. § 42-1-13(e). Defendant Brian Owens is the current Commissioner for the Georgia Department of Corrections.

34. Gwinnett County Probation Services placed the electronic monitoring system on Plaintiff's person. Defendant Chad Purvis is the Cheif Director for Gwinnett County Probation Services.

35. The Board is responsible for the classification and designation of Plaintiff as sexually dangerous predators and the imposition of lifetime electronic monitoring on Plaintiff.

36. At all times material herein, Defendants have acted under color of State law.

37. Defendants have caused Plaintiff irreparable harm for which there is no adequate remedy at law.

### FIRST CAUSE OF ACTION
### VIOLATION OF ARTICLE 1, SECTION 9 OF
### THE UNITED STATES CONSTITUTION UNDER 42 U.S.C. § 1983
### (EX POST FACTO)

38. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 37 of this Complaint for Declaratory and Injunctive Relief (hereinafter "Complaint") as if set forth fully herein.

39. Pursuant to 42 U.S.C. § 1983, this cause of action is brought by Plaintiff against Defendants.

40. O.C.G.A. § 42-1-14 violates the *Ex Post Facto* Clause of Article I, Section 9 of the United States Constitution, either facially or as applied, in that O.C.G.A. § 42-1-14's requirement of lifetime electronic monitoring constitutes punishment and increases a person's punishment for the offense. O.C.G.A. § 42-1-14's requirement of lifetime electronic monitoring is retrospective in application.

41. Plaintiff has been, or imminently will be, injured by these constitutional violations, and is entitled to declaratory and injunctive relief.

## SECOND CAUSE OF ACTION
## VIOLATION OF ARTICLE I, SECTION 1, PARAGRAPH X OF THE CONSTITUTION OF GEORGIA
## (*EX POST FACTO* AND RETROCATIVE LAWS)

42. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 41 of this Complaint as if set forth fully herein.

43. This cause of action is brought by Plaintiff against Defendants.

44. For the same reasons that O.C.G.A. § 42-1-14 violates the *Ex Post Facto* Clause of Article I, Section 9 of the United States Constitution, as set forth in the First Cause of Action, O.C.G.A. § 42-1-14 violates the *Ex Post Facto* Clause and prohibition against retroactive laws of Article I, Section 1, Paragraph X of the Constitution of Georgia, either facially or as applied.

45. Plaintiff has been, or imminently will be, injured by these constitutional violations, and is entitled to declaratory and injunctive relief.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION UNDER 42 U.S.C. § 1983
## (DUE PROCESS)

46. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 45 of this Complaint as if set forth fully herein.

47. Pursuant to 42 U.S.C. § 1983, this cause of action is brought by Plaintiff against Defendants.

48. O.C.G.A. § 42-1-14 violates the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution, either facially or as applied, because persons are classified or designated under the statute and subjected to lifetime electronic monitoring, in deprivation of their liberty and property, without any requirement that the State of Georgia provide notice to the affected persons or an opportunity to be heard prior to being classified or designated. O.C.G.A. § 42-1-14 also violates the Due Process Clause, either facially or as applied, because the classification, designation, and lifetime electronic monitoring vary the terms of plea agreements entered into by Plaintiff.

49. Plaintiff has been, or imminently will be, injured by these constitutional violations, and is entitled to declaratory and injunctive relief.

## FOURTH CAUSE OF ACTION
## VIOLATION OF ARTICLE I, SECTION 1, PARAGRAPH I OF THE CONSTITUTION OF GEORGIA
## (DUE PROCESS)

50. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 49 of this Complaint as if set forth fully herein.

51. This cause of action is brought by Plaintiff against Defendants.

52. For the same reasons that O.C.G.A. § 42-1-14 violates the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution, as set forth in the Third Cause of Action, O.C.G.A. § 42-1-14 violates the Due Process Clause of Article I, Section 1, Paragraph I of the Constitution of Georgia, either facially or as applied.

53. Plaintiff has been, or imminently will be, injured by these constitutional violations, and is entitled to declaratory and injunctive relief.

### FIFTH CAUSE OF ACTION
### VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION UNDER 42 U.S.C. § 1983
### (CRUEL AND UNUSUAL PUNISHMENT)

54  Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 53 of this Complaint as if set forth fully herein.

55. Pursuant to 42 U.S.C. § 1983, this cause of action is brought by Plaintiff against Defendants.

56. O.C.G.A. § 42-1-14 imposes punishments on persons, both retrospectively and prospectively, which are excessive in relation to the crimes for which the persons have been convicted, in violation of the proscription against infliction of cruel and unusual punishment under the Eighth Amendment of the United States Constitution, either facially or as applied.

57. Plaintiff has been, or imminently will be, injured by these constitutional violations, and is entitled to declaratory and injunctive relief.

### SIXTH CAUSE OF ACTION
### VIOLATION OF ARTICLE I, SECTION 1, PARAGRAPH XVII OF THE CONSTITUTION OF GEORGIA
### (CRUEL AND UNUSUAL PUNISHMENT)

58. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 57 of this Complaint as if set forth fully herein.

59. This cause of action is brought by Plaintiff against Defendants.

60. For the same reasons that O.C.G.A. § 42-1-14 violates the proscription against infliction of cruel and unusual punishment under the Eighth Amendment of the United States Constitution, as set forth in the Fifth Cause of Action, O.C.G.A. § 42-1-14 violates the proscription against infliction of cruel and unusual punishment of Article I, Section 1, Paragraph XVII of the Constitution of Georgia, either facially or as applied.

61. Plaintiff has been, or imminently will be, injured by these constitutional violations, and is entitled to declaratory and injunctive relief.

### SEVENTH CAUSE OF ACTION
### VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION UNDER 42 U.S.C. § 1983
### (DOUBLE JEOPARDY)

62. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 61 of this Complaint as if set forth fully herein.

63. Pursuant to 42 U.S.C. § 1983, this cause of action is brought by Plaintiff against Defendants.

64. O.C.G.A. § 42-1-14 violates the Double Jeopardy Clause of the Fifth and Fourteenth Amendments of the United States Constitution in that O.C.G.A. § 42-1-14 imposes new punishments on persons previously convicted.

65. Plaintiff has been, or imminently will be, injured by these constitutional violations, and is entitled to declaratory and injunctive relief.

## EIGHTH CAUSE OF ACTION
## VIOLATION OF ARTICLE I, SECTION 1, PARAGRAPH XVIII OF
## THE CONSTITUTION OF GEORGIA
## (DOUBLE JEOPARDY)

66. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 65 of this Complaint as if set forth fully herein.

67. This cause of action is brought by Plaintiff against Defendants.

68. For the same reasons that O.C.G.A. § 42-1-14 violates the Double Jeopardy Clause of the Fifth and Fourteenth Amendments of the United States Constitution, as set forth in the Seventh Cause of Action, O.C.G.A. § 42-1-14 violates the Double Jeopardy Clause of Article I, Section 1, Paragraph XVIII of the Constitution of Georgia.

69. Plaintiff has been, or imminently will be, injured by these constitutional violations, and is entitled to declaratory and injunctive relief.

## NINTH CAUSE OF ACTION
## VIOLATION OF ARTICLE I, SECTION 10 OF
## THE UNITED STATES CONSTITUTION UNDER 42 U.S.C. § 1983
## (CONTRACTS)

70. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 69 of this Complaint as if set forth fully herein.

71. Pursuant to 42 U.S.C. § 1983, this cause of action is brought by Plaintiff against Defendants.

72. O.C.G.A. § 42-1-14 violates the Contracts Clause of Article I, Section 10 of the United States Constitution by imposing new conditions on persons, not negotiated or agreed to, which require lifetime electronic monitoring.

73. Plaintiff has been, or imminently will be, injured by these constitutional violations, and is entitled to declaratory and injunctive relief.

## TENTH CAUSE OF ACTION
## VIOLATION OF ARTICLE III, SECTION IV, PARAGRAPH IV, SUBSECTION (E) OF THE CONSTITUTION OF GEORGIA
## (CONTRACTS)

74. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 73 of this Complaint as if set forth fully herein.

75. This cause of action is brought by Plaintiff against Defendants.

76. For the same reasons that O.C.G.A. § 42-1-14 violates the Contracts Clause of Article I, Section 10 of the United States Constitution of the United States Constitution, as set forth in the Ninth Cause of Action, O.C.G.A. § 42-1-14 violates the Contracts Clause of Article III, Section IV, Paragraph IV, Subsection (e) of the Constitution of Georgia.

77. Plaintiff has been, or imminently will be, injured by these constitutional violations, and is entitled to declaratory and injunctive relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief from this Honorable Court:

A. A declaration that O.C.G.A. § 42-1-14 violates the *Ex Post Facto* Clause of Article I, Section 9 of the United States Constitution, facially and/or as applied by the Defendants;

B. A declaration that O.C.G.A. § 42-1-14 violates the *Ex Post Facto* Clause of Article I, Section 9 of the Constitution of Georgia, facially and/or as applied by the Defendants;

C. A declaration that O.C.G.A. § 42-1-14 violates the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution, facially and/or as applied by the Defendants;

D.   A declaration that O.C.G.A. § 42-1-14 violates the Due Process Clause of Article I, Section 1, Paragraph I of the Constitution of Georgia, facially and/or as applied by the Defendants;

E.   A declaration that O.C.G.A. § 42-1-14 violates the proscription against infliction of cruel and unusual punishment under the Eighth Amendment of the United States Constitution, facially and/or as applied by the Defendants;

F.   A declaration that O.C.G.A. § 42-1-14 violates the proscription against infliction of cruel and unusual punishment of Article I, Section 1, Paragraph XVII of the Constitution of Georgia, facially and/or as applied by the Defendants;

G.   A declaration that O.C.G.A. § 42-1-14 violates the Double Jeopardy Clause of the Fifth and Fourteenth Amendments of the United States Constitution, facially and/or as applied by the Defendants;

H.   A declaration that O.C.G.A. § 42-1-14 violates the Double Jeopardy Clause of Article I, Section 1, Paragraph XVIII of the Constitution of Georgia, facially and/or as applied by the Defendants, facially and/or as applied by the Defendants;

I.   A declaration that O.C.G.A. § 42-1-14 violates the Contracts Clause of Article I, Section 10 of the United States Constitution, facially and/or as applied by the Defendants;

J.   A declaration that O.C.G.A. § 42-1-14 violates the Contracts Clause of Article III, Section IV, Paragraph IV, Subsection (e) the Constitution of Georgia, facially and/or as applied by the Defendants, facially and/or as applied by the Defendants;

K.   A permanent injunction prohibiting Defendants from enforcing O.C.G.A. § 42-1-14;

L.   Reasonable costs and attorneys fees;

M.  Any further relief the Court deems appropriate; and

N.  A trial by jury on all causes of action.

Respectfully submitted, this 13th day of November, 2014.

                              LAW OFFICE OF MATTHEW F. MILLER, PC

*/s/ Matthew F. Miller*

**Matthew F. Miller, Esq.**
**Attorney for Plaintiff**
**Georgia Bar No. 143057**
**The Law Office of Matthew F. Miller, PC**
**P.O. Box 1960**
**Lawrenceville, GA 30046**
**Phone: 770-938-8600**
**Fax:     770-938-8608**
**E-mail:** matt@mfmlawoffice.com