**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| FREDERICK RAHN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:14-CV-3660-RWS |
| SAMUEL S. OLENS, Georgia | : | |
| Attorney General in his official | : | |
| capacity, et al., | : | |
| | : | |
| Defendants. | : | |

## <u>ORDER</u>

This case comes before the Court on Defendants' Motion to Dismiss [Doc. No. 4].

## I.    Factual Background

On November 13, 2014, Plaintiff filed this civil rights complaint under 42 U.S.C. § 1983 challenging the constitutionality "of Georgia's statute for risk assessment classification, hearing and electronic monitoring system for sex offenders, Official Code of Georgia ("O.C.G.A.") § 42-1-14, both facially and as applied" [Doc. No. 1, p. 1]. Plaintiff states he was convicted of six counts of child molestation and one count of public indecency in 2005 [Id., p. 6]. He states that he was released from custody in 2008 and classified as a Sexually Dangerous

Predator in 2012 pursuant to O.C.G.A. § 42-1-14 [Id.].

The procedural portion of O.C.G.A. § 42-1-14, under which Plaintiff was evaluated, provides an offender classified as a sexually dangerous predator the opportunity to seek reevaluation and submit information to support the reevaluation. O.C.G.A. § 42-1-14(b). It also provides an opportunity to seek judicial review within 30 days of the date of the notification letter and to submit additional relevant evidence. O.C.G.A. § 42-1-14(c).

The basic statutory scheme provides that there will be a Board (the Sexual Offender Registration Review Board ("SORRB")) composed of three licensed professionals knowledgeable in the field of behavior and treatment of sexual offenders along with other appointed positions. O.C.G.A. § 42-1-13(a). The Board is attached to the Department of Behavioral Health and Developmental Disabilities for administrative purposes. O.C.G.A. § 42-1-13(b). The Board's duty is to determine the likelihood that a sexual offender will engage in another crime against a victim who is a minor or in a dangerous sexual offense. O.C.G.A. § 42-1-14(a)(1). Based on an offender's likelihood to reoffend, the Board's assessment criteria, and reviewed information, the individual is placed into one of three classifications: Level I, Level II, or Sexually Dangerous Predator. O.C.G.A.

2

§ 42-1-14(a)(2).   The sexual offender may provide the Board with relevant information and may agree to submit to a psychosexual evaluation or sexual history polygraph conducted by the Board.   Id.   O.C.G.A. § 42-1-14(e) requires electronic monitoring of someone classified as a Sexually Dangerous Predator for life.   However, the Board has enacted by rule a provision permitting a sexual offender who has been so classified to petition for reevaluation after the expiration of ten years from the previous evaluation.   Ga. Comp. R. & Regs. R. 594-1-.04(e)(2).

As a result of his most recent conviction for six counts of Child Molestation and one count of Public Indecency in 2005, Plaintiff was sentenced to 20 years, to serve four years in custody and the remainder on probation.   Plaintiff was released from custody in August 2008 and is currently on probation [Doc. No. 1, ¶ 21].   On or about November 9, 2012, the Board voted to designate Plaintiff as a Sexually Dangerous Predator.

In a state court action, Plaintiff stated that he received his classification notice on November 13, 2012.   In a letter dated December 5, 2012, Plaintiff requested a reevaluation and timely submitted documentation for consideration in the reevaluation.   On February 8, 2013, the Board unanimously voted to uphold

3

its classification decision.  Plaintiff received notice in a letter dated February 15, 2013.  On May 3, 2013, Plaintiff filed a "Petition to Change Sex Offender Status" in Cobb County, under his previous criminal case, and challenged his classification and the constitutionality of O.C.G.A. § 42-1-14.

The Cobb County Superior Court transferred the Petition to Fulton County Superior Court on November 25, 2013, as venue was improper in Cobb County. On March 20, 2014, the Fulton County Superior Court granted the Board's Motion to Dismiss based on the statute of limitations.  Subsequently, Plaintiff filed an appeal in the Georgia Court of Appeals, which was denied for failure to file an application for discretionary appeal as mandated by O.C.G.A. § 5-6-35(a)(5.1).

## II.   Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."   While this pleading standard does not require "detailed factual allegations," mere labels and conclusions or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  In order to withstand a motion to dismiss, "a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Id.

"At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). However, the same does not apply to legal conclusions set forth in the complaint. See Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Furthermore, the court does not "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

## III.   Analysis

Defendants contend that Plaintiff's claims should be dismissed for the following reasons: (1) they are barred by res judicata and collateral estoppel; (2) Plaintiff fails to state a claim upon which relief can be granted; and (3) Plaintiff's claims are time barred. The Court agrees that Plaintiff's claims are time barred.

Federal courts apply their forum state's statute of limitations for personal

injury actions to actions brought pursuant to 42 U.S.C. § 1983.  Uboh v. Reno, 141 F.3d 1000, 1002 (11th Cir. 1998).  In Georgia, the statute of limitations for such actions in two years.  See, e.g., Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003).  Georgia law defines "year" as a calendar year.  O.C.G.A. § 1-3-3.  Time computation is made from the day the action accrues and expires on midnight of the day preceding the anniversary date.  See, e.g., Blue v Maico, 217 F. Supp. 747 (N.D. Ga. 1963).

Although state law determines the applicable statute of limitations, federal law determines when the statute of limitations begins to run.  See Wallace v. Kato, 549 U.S. 384, 388 (2007).  As a general rule, "the statute of limitations does not begin to run until the facts which support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.  Id.

In this case, Plaintiff filed his Complaint on November 13, 2014 [Doc. No. 1].  However, Plaintiff stated in his Superior Court pleadings that he received notice of his classification two years and one day earlier on November 13, 2012.  In response to Defendants' arguments regarding the statute of limitations, Plaintiff states that he "erroneously in one filing stated that he received the letter on that date" [Doc. No. 12, p. 24].  Plaintiff argues that he "should not be barred by a

6

scrivener's error of his attorney in a prior case" [Id.].  Admissions or allegations appearing in pleadings are treated as admissions in judicio and, if not withdrawn, are conclusive of the facts contained therein.  Georgia-Pacific, LLC v. Fields, 748 S.E.2d 407, 410 (Ga. 2013).  Plaintiff never withdrew his pleading in Superior Court and offers no evidence to contradict his statement that he received notice on November 13, 2012.  As a result, the Court finds that  Plaintiff was aware of the facts to support all of his claims as of November 13, 2012, and had two years up to and including November 12, 2014, to file his Complaint.  He failed to do so. Therefore, this action is time barred.

The Court recognizes the harshness of this result and has analyzed Defendants' arguments that Plaintiff's claims are also barred by res judicata.  In the interests of judicial economy, the Court will not elaborate but finds that Plaintiff's claims are also barred by res judicata.

## IV.    Conclusion

For the reasons stated above, Defendants' Motion to Dismiss [Doc. No. 4] is GRANTED.  The Clerk is DIRECTED to close this action.

**SO ORDERED**, this 7th day of August, 2015.

_____

**RICHARD W. STORY**
United States District Judge

7